IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB R. PRATT AKA
EINAR R. STAGGSSON,

            Plaintiff,

vs.                                                                              No. 18-cv-01091-KWR-SMV

DIRECTOR OF PRISONS,
SECRETARY OF CORRECTIONS,
WARDEN OF P.N.M.,
CHAPLAIN ORTIZ AT P.N.M.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER c**omes before the Court under 28 U.S.C. § 1915A on the Prisoner's Civil Rights Complaint filed by Defendant Jacob R. Pratt (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

## I.  Factual and Procedural Background

Plaintiff Jacob R. Pratt is a prisoner incarcerated at the Penitentiary of New Mexico.  (Doc. 1 at 1).  Plaintiff Pratt claims that he is "an 'Odinist,' a specific conservative branch of 'Heathenry' an earth nature based religious practice."  (Doc. 1 at 4).  Pratt states that his case "concerns my religious practices being denied for no legitimate reason, and unconstitutional mail practices at P.N.M."  (Doc. 1 at 2).  Plaintiff Pratt names, as Defendants, the Director of Prisons, the Secretary of Corrections, the Warden of P.N.M. and Chaplain Ortiz at P.N.M.  (Doc. 1 at 1).  All Defendants are named in their official capacity.  (Doc. 1 at 1, 3).

Claim I of Pratt's Complaint is for "Violation of 1st Amendment free exercise of religion, violation of the RLUIPA of 2000." (Doc. 1 at 2). In factual support of his claim, Pratt alleges:

> "Since September 2017 all the defendants have taken individual actions that
> have hindered the practice of my faith, by propagating policy or
> refusing to alter current 'customs' in place that discriminate against pagans
> or heathens . . . policy propagated by the Secretary of Corrections
> is far too divergent from how my faith is practiced. Policy gives a
> narrow interpretation of my faith and its rituals which is inaccurate and
> restrictive with no security rationale."

(Doc. 1 at 4).

Claim II of Pratt's Complaint asserts a cause of action for "Violation of 1st Amendment through poor mail handling and unconstitutional practices."    (Doc. 1 at 4). In support of this claim, Pratt alleges:

> "Since being at P.N.M. (9.27.2017) I have had a systematic problem
> with m incoming and outgoing mail. The Warden at P.N.M., the
> Director of Prisons, and the Secretary of Corrections will not take
> steps to correct this issue, which is endemic statewide.
> 1) Incoming mail is 'lost,' never delivered or thrown away. I've
> had this happen several times.
> 2) Frequently mail is held for long periods of time, incoming mail
> is not date stamped when it is received which only aggravates the
> problem. I've had several letters delivered to me a full month after
> the post mark. This never happened to me in my previous (out of
> state) facility.
> 3) My outgoing mail has been 'misplaced' several times, only
> empty envelopes being received by family or friend.
> 4) My legal mail has been found laying on the floor in the
> sally ports, and personal mail has been found in the trash ( a letter
> from my girlfriend and a Mother Earth news magazine)
> 5) I've had mail rejected for reasons I do not know, and I was
> never notified of.
> 6) Books, magazines, etc are rejected or unallowed for nonsecurity
> reasons (Life Magazines that show provocatively posed women
> but no nudity or books with unpopular ideas, etc."

(Doc. 1 at 5). Plaintiff requests "injunctive, declaratory, punitive, compensatory, as deemed just and equitable" relief. (Doc. 1 at 6).

The Court takes notice that Pratt filed a case raising all the same claims, as well as additional claims, in New Mexico state court. That case was removed to this Court by the Defendants and was docketed as *Pratt v. Franco,* No. CV 18-00524 MV/KK.  The case was docketed prior to this case and is pending before the Court.  (Doc. 1 at 5).

## II.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Pratt is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a

court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III.  Analysis of Plaintiff Pratt's Claims

Plaintiff Pratt is proceeding under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

### A. Pratt's Claims Against Named Defendants.

Plaintiff Pratt names four Defendants, the Director of Prisons, the Secretary of Corrections, the Warden of P.N.M. and Chaplain Ortiz at P.N.M. (Doc. 1 at 1). All of the Defendants are State officials and Pratt appears to name them in their official capacities. (Doc. 1 at 1, 3). Official capacity claims against State officials are deemed to be claims against the State. *Will v. Michigan*

*Dep't of State Police,* 491 U.S. 58, 63-64 (1989).  The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).  Therefore, the official capacity claims against the Defendants fail to state a claim for relief and will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Pratt does make one allegation that "all the defendants have taken individual actions that have hindered the practice of my faith."  (Doc. 1 at 4).  However, to the extent he is trying to assert individual capacity claims against the Defendants, the allegations similarly fail to state a § 1983 claim for relief.  With the exception of Chaplain Ortiz, Pratt does not specify any individual conduct by Defendants Director of Prisons, Secretary of Corrections, or Warden. *Ashcroft v. Iqbal,* 556 U.S. at 676.  He generally claims they have failed to act to correct mail delivery issues but doesn't state who failed to do what to whom.  *Robbins v. Oklahoma,* 519 F.3d at 1249-50. He also claims that they have propagated policies that are too restrictive with respect to his religion but fails to identify those policies with any specificity or explain how any particular policy violated a constitutional right.  (Doc. 1 at 4).  *Fogarty v. Gallegos,* 523 F.3d at 1162.

Pratt does make limited allegations regarding Chaplain Ortiz.  His Complaint claims "[t]he Chaplain does not help us pagan groups, and actively works against us.  He suggested to the Warden that my request to have a beard should be denied." (Doc. 1 at 4).  Plaintiff Pratt's allegations against Chaplain Ortiz do not show conduct rising to the level of a constitutional

violation and are insufficient to state a constitutional claim. *Trask v. Franco*, 446 F.3d at 1046. Plaintiff's allegations are factually inadequate to state a plausible § 1983 claim for relief against any of the named Defendants. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Twombly*, 550 U.S. at 555.

### B. Pratt 's Religious Freedom and Establishment Claims

Even if his allegations were sufficient to state a § 1983 claim against any individual Defendant, Plaintiff fails to state a claim for relief under his substantive legal theories. Plaintiff Pratt asserts claims under the First Amendment free exercise clause and Religious Land Use of Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. ("RLUIPA). (Doc. 1 at 2). His religious freedom and establishment claims allege that prison officials have hindered the practice of his faith by not approving a vendor for unspecified religious items, not altering prison policy to permit him to grow a beard, denied meals for unidentified holy days, and not allowed an outdoor space for rituals (Doc. 1 at 4). Pratt alleges that his rights have been violated because prison officials have propagated policies and refused to change policies and customs at his request. (Doc. 1 at 4).

Prisoners do not forfeit all constitutional protections by reason of their confinement in prison. *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). See *Turner v. Safley,* 482 U.S. 78, 84 (1987); *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129 (1977). Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion or establish a religion. See *Pell v. Procunier,* 417 U.S. 817, 822 (1974); *Cruz v. Beto,* 405 U.S. 319 (1972) (*per curiam* ).

When a religious exercise claim under either RLUIPA or the First Amendment is identified, the next step is to determine whether the government has imposed a substantial burden on that exercise. This inquiry must focus on the coercive impacts of the government's actions on the individual claimant's ability to engage in a religious exercise. The Tenth Circuit has found a

burden to be substantial where: the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory or Hobson's choice where the only realistically possible course of action available to the plaintiff trenches on sincere religious exercise. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314-15 (10th Cir.2010); *see also Lyng v. Northwestern Indian Cemetery Protective Ass'n,* 485 U.S. 439, 450 (1988); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 716–18 (1981); *Yellowbear v. Lampert,* 741 F.3d 48, 55 (10th Cir.2014).

As a threshold matter, when faced with either a First Amendment claim or a RLUIPA claim, a court must inquire as to whether the prisoner has fulfilled his burden of alleging sufficient facts to indicate his ability to practice his "sincerely-held religious belief" has been "substantially burdened." *Gladson v. Iowa Department of Corrections,* 551 F.3d 825, 833 (8th Cir.2009). A plaintiff who relies on the RLUIPA must demonstrate the "substantial burden" is more than a mere inconvenience. *Abdulhaseeb v. Calbone,* 600 F.3d at 1316. If the answer to the substantial burden inquiry is negative, the court need not examine the claim further because the Plaintiff is unable to prevail without showing a substantial burden. *Gladson*, 551 F.3d at 833.

The allegations of Pratt's Complaint are insufficient to show any substantial burden. *Abdulhaseeb v. Calbone,* 600 F.3d at 1316. Pratt does not allege that any Defendant required him to participate in an activity prohibited by a sincerely held religious belief, prevented him from participating in an activity motivated by a sincerely held religious belief, or placed considerable pressure on him to violate a sincerely held religious belief. *Yellowbear v. Lampert,* 741 F.3d at 55. Pratt's allegations are insufficient to show that any conduct by prison officials substantially

burdened his religious practice and fail to state a First Amendment free exercise or RLUIPA claim. *Abdulhaseeb v. Calbone,* 600 F.3d at 1316; *Gladson*, 551 F.3d at 833.

### C.  Pratt's Mail Handling Claims

Pratt also generalized claims that he has had systematic problems with incoming and outgoing mail.  He alleges that on several occasions, for unknown reasons, mail has been rejected, lost, discarded, or delayed and that the prison does not date-stamp mail when it is received.  (Doc. 1 at 4-5).  He also claims that books and magazines are rejected for "nonsecurity" reasons.  (Doc. 1 at 5).  Pratt's mail allegations also fail to state a claim for relief.

The Courts have consistently held that prison official's review, inspection and rejection of outgoing mail, alone, does not violate a prisoner's First Amendment rights. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (noting that "freedom from censorship is not equivalent to freedom from inspection or perusal").  Discipline, safety, and order within the prison are sufficient interests to justify regulation of unauthorized correspondence incidental to the content of prisoners' speech. *Martin v. Brewer*, 830 F.2d 76, 77 (7th Cir. 1987) (inmates have no generalized First Amendment right preventing prison staff from opening and reading mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir.1986) (upholding prison regulation that allowed nonprivileged, outgoing mail to be opened and inspected).

Plaintiff Pratt's generalized claims that the prison facility is not properly handling unprivileged personal mail do not show conduct in violation of First Amendment rights.  *Wolff v. McDonnell*, 418 U.S. at 576.  To the extent Pratt asserts that legal mail has been found laying on the floor in the sally port (Doc. 1 at 5), Pratt does not claim that he was hindered or prevented from pursuing any legal claim or proceeding in violation of his 6th Amendment rights.  Pratt's Complaint fails to state a § 1983 claim for relief based on inadequate mail handling.  *Wolff*, 418 U.S. at 576.

## IV.   **The Court Will Not Grant Leave to Amend**

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d at 901.

The Court will dismiss Pratt's Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.  Pratt previously raised the same claims, as well as additional claims, in his pending case, *Pratt v. Franco,* No. CV 18-00524 MV/KK.  The Defendants have appeared, answered, and filed a *Martinez* Report in that case.  (CV 18-00524, Doc. 1, 26, 35).   Any amendment to Pratt's claims would be duplicative of his claims in CV 18-00524 and would present the potential for inconsistent results.   Therefore, the Court will dismiss without leave to amend and without prejudice to Pratt's claims in CV 18-00524 MV/KK.  *Bradley v. Val-Mejias,* 379 F.3d at 901.

**IT IS ORDERED** the Prisoner's Civil Rights Complaint filed by Plaintiff Jacob R. Pratt (Doc. 1) is **DISMISSED** for failure to state a claim to which relief may be granted. This dismissal is **WITHOUT PREJUDICE** to the claims asserted by Pratt in CV 18-00524 MV/KK.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE